UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT G. GOMEZ,

    Petitioner,

-vs-                                                                            Case No. 6:10-cv-1614-Orl-36GJK

ATTORNEY GENERAL, et al.,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 9) and a supplemental response (Doc. No. 20) to the petition for writ of habeas corpus. Petitioner filed a reply (Doc. No. 10) and a supplemental reply (Doc. No. 22) to the responses.

Petitioner alleges six claims for relief in his habeas petition: (1) trial counsel was ineffective for failing to investigate and raise the defense of insanity; (2) trial counsel was ineffective for failing to investigate and raise the defense of involuntary intoxication; (3) trial counsel was ineffective for failing to insure that the trial court obtained an adequate number of mental health experts to determine competency; (4) trial counsel was ineffective for failing to object to the lack of a sufficient factual basis for the entry of a guilty plea; (5)

trial counsel was ineffective for failing to request a *Richardson*[1] hearing concerning the State's failure to timely disclose evidence of a third handgun stolen from the residence; and (6) trial counsel was ineffective for failing to insure that the State's three-year plea offer was available to Petitioner after he was found to be competent.

## I.   *Procedural History*

Petitioner was charged by information with armed burglary of a structure and grand theft. Petitioner's trial counsel filed a suggestion of incompetence to proceed and a motion for appointment of an expert to determine his competency. The trial court appointed an expert for a competency evaluation and scheduled a competency hearing. Petitioner was subsequently adjudged incompetent to proceed and was conditionally released.

The trial court later entered another order appointing an expert for a competency evaluation and scheduled a hearing on the matter. The trial court found Petitioner competent, and Petitioner subsequently entered a plea of guilty to the charges. Petitioner was adjudicated guilty of the charges and sentenced to imprisonment for a term of thirty years as to the armed burglary count (with fifteen years of the sentence suspended). He was sentenced to a concurrent sentence of five years' imprisonment as to the grand theft count. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of

---

[1]*Richardson v. State*, 246 So. 2d 771 (Fla. 1971) (when a discovery violation becomes apparent, the trial judge must conduct an inquiry into all the surrounding circumstances to determine whether the defendant has been prejudiced).

Criminal Procedure 3.850 with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

## II.     Legal Standards

### A.     *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially

> indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.   *Standard for Ineffective Assistance of Counsel*

In *Hill v. Lockhart,* 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the

---

[2]In considering the "unreasonable application"inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

*Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687.[3] A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

III.    Analysis

A.    *Claim One*

Petitioner states that trial counsel was ineffective for failing to investigate and raise the defense of insanity. Petitioner contends that he was legally insane when the crimes occurred. Petitioner argued in his Rule 3.850 motion that he was "mentally unable to form the specific intent to commit the alleged burglary." *See* Appendix G at 3. He also stated that trial counsel was aware of certain information that "could have formed the basis of an . . . insanity defense." *Id.* Thus, it appears that, contrary to Respondents' assertion, this claim is not procedurally barred.

Nevertheless, aside from vague and conclusory allegations, Petitioner has presented no evidence that he was insane at the time he committed the crimes. Petitioner has presented nothing to show that he could have presented an insanity defense sufficient to

---

[3]In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

5

create a reasonable probability that the outcome of his proceedings would have differed or to show that he had a severe mental disease or defect at the time of the offense that made it so that he did not know that his conduct was wrong. Thus, Petitioner has not shown that he suffers from or did suffer from a severe mental disease or defect such that he did not know that his conduct was wrong on the date of the crimes. Further, Petitioner has not presented any evidence that trial counsel should have reasonably discovered, or presented evidence to support, an insanity defense. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. Under the circumstances, Petitioner has not shown that counsel's conduct was deficient or that he sustained prejudice, and this claim is denied.

B.   *Claim Two*

Petitioner states that trial counsel was ineffective for failing to investigate and raise the defense of involuntary intoxication. He states that he was taking psychotropic medications when the offenses occurred. Petitioner argued in his Rule 3.850 motion that "involuntary intoxication was also an affirmative defense to show that Mr. Gomez lacked the specific intent to commit burglary." *See* Appendix G at 7. Thus, it appears that, contrary to Respondents' assertion, this claim is not procedurally barred.

Petitioner has failed to present any evidence in support of this claim. Although he mentions that he was taking psychotropic medications when the offenses occurred, he provides no evidence or expert opinions showing that those medications rendered him "involuntarily intoxicated" or otherwise supported a defense of involuntary intoxication.

6

Without such evidence, the Court cannot make a determination that counsel acted deficiently or that Petitioner sustained prejudice. The Court concludes that Petitioner's bare assertions are insufficient to support a claim that his trial counsel was ineffective for failing to investigate a defense of involuntary intoxication.

The Court also notes that the competency evaluations performed by Dr. William Riebsame reference that Petitioner was taking certain psychotropic medications when the crimes occurred, but they also indicate that Petitioner explained that he committed the crimes involving his neighbor's home because Petitioner was angry at the neighbor for making racist comments toward Petitioner's stepchildren. The competency evaluations nowhere indicate that the psychotropic medications in any manner caused Petitioner to commit the crimes. Thus, this claim is denied.

C.  *Claim Three*

Petitioner asserts that trial counsel was ineffective for failing to insure that the trial court obtained an adequate number of mental health experts to determine competency. According to Petitioner, his competency was restored by the opinion of only one mental health expert. This claim was raised in Petitioner's Rule 3.850 motion and was denied because, at the plea hearing, Petitioner informed the trial court that he was competent.

At the plea hearing, Petitioner informed the trial court that he was not suffering from any mental or emotional disabilities and that he was mentally alert and "thinking clearly." *See* Appendix B, Transcript of Plea Hearing at 13-14. Petitioner also discussed the medications he was taking and the effects they had on him. *Id*. at 12-13. There was nothing

in the record to indicate that Petitioner was in any manner incompetent at the time he entered his pleas. Further, Petitioner has not shown that he was prejudiced by any alleged defect in the competency proceedings.

As the Supreme Court held in *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), "the representations of the defendant [at the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Petitioner has not made a sufficient showing to refute the veracity of his responses in the state court or the weight his plea should be accorded in this Court.   As a result, the Court concludes that Petitioner has not demonstrated that counsel acted unreasonably with regard to this matter or that he sustained prejudice. As such, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

D.     *Claim Four*

Petitioner contends that trial counsel was ineffective for failing to object to the lack of a sufficient factual basis for the entry of a guilty plea. According to Petitioner, because he did not possess a firearm during the commission of the offenses, he could not have been found guilty of armed burglary. This claim was raised in Petitioner's Rule 3.850 motion and was denied because the charge of armed burglary was based on the allegation that Petitioner armed himself during the course of the burglary by taking the safe containing

8

the guns.

In *Barrett v. State*, 983 So. 2d 795 (Fla. 4th DCA 2008), the state appellate court held that, in the absence of evidence that a defendant knew a firearm was inside a locked safe that he could not open, the State failed to prove that the defendant was in possession of a firearm. However, the *Barrett* decision was decided after Petitioner entered his plea, and, in any event, Petitioner's counsel subsequently filed a motion to withdraw the plea based on the *Barrett* decision. The trial court rejected the arguments of Petitioner's counsel and denied the motion.

The Court finds that there was a sufficient factual basis supporting the pleas. Petitioner's counsel did not have the benefit of the *Barrett* decision at the time of the plea hearing, but he later filed a motion to withdraw the plea based on *Barrett*. The Court concludes Petitioner has not demonstrated that counsel acted unreasonably with regard to this matter or that he sustained prejudice. Consequently, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented. Therefore, this claim is denied.

### E.    *Claim Five*

Petitioner states that trial counsel was ineffective for failing to request a *Richardson* hearing concerning the State's failure to timely disclose evidence of a third handgun stolen from the residence. This claim was raised in Petitioner's Rule 3.850 motion and was denied

because, by entering his plea, Petitioner waived his right to any further discovery and because there had been no showing of prejudice.

At the hearing on Petitioner's motion to withdraw his plea, the homeowner/victim testified that she realized after the burglary that a third handgun, which was not in the safe, was also missing. *See* Appendix C, Transcript of Motion to Withdraw Plea 21-22. However, at the time of this hearing, Petitioner had already entered his plea, and he had waived his right to any further discovery. In particular, Petitioner acknowledged that he was waiving his right to obtain discovery from the State. *See* Appendix B, Transcript of Plea Hearing at 19-20. Petitioner has not demonstrated prejudice with regard to this matter as he has not established that he would have proceeded to trial if counsel had requested a *Richardson* hearing. Under the circumstances, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

F.   **Claim Six**

Petitioner states that trial counsel was ineffective for failing to insure that the State's three-year plea offer was available to him after he was found to be competent. This claim was not raised in Petitioner's Rule 3.850 proceedings.

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[4]

---

[4] *Harris v. Reed*, 489 U.S. 255, 261 (1989).

or (2) are not exhausted but would clearly be barred if returned to state court.[5] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). Petitioner's claim six is procedurally barred because it was not raised with the state courts.

There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception;[6] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991).

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural

---

[5]*See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

[6]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice."); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

default bar. Therefore, claim six is denied.

The Court is aware that the Supreme Court of the United States recently held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim. . ." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to *Strickland*. *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012). In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id*.

The Court recognizes that Petitioner may have shown cause for his failure to raise this claim in his initial-collateral proceeding; however, Petitioner has not demonstrated prejudice. The failure to pursue the prior plea offer does not demonstrate ineffective assistance of counsel, particularly when there is no suggestion that the prosecutor would have again offered the same plea bargain. *Bridges v. United States*, No. 04 Civ. 2715(HB), 2005 WL 1798084 at *6 (S.D.N.Y. August 1, 2005). Here, Petitioner provides no evidence whatsoever that the prosecutor intended to again offer the prior plea bargain or that the prosecutor was considering making such an offer. Thus, Petitioner fails to prove either the existence of an offer of a plea bargain or his alleged willingness to accept such an offer. As a result, the Court has reviewed this claim and finds that it is without merit and,

accordingly, is not substantial.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Robert G. Gomez is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[7] Accordingly, a Certificate of Appealability is **DENIED** in this case.

---

[7]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 11th day of February, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-2 2/11
Counsel of Record
Robert G. Gomez